UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD W. GANNETT, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00395-JAW |
| | ) | |
| NAHABET CIMENIAN | ) | |
| | ) | |
| Appellee. | ) | |

**ORDER ON APPEAL**

An individual claiming to be a Chapter 7 creditor alleges several misapplications of law in adversary proceedings before the United States Bankruptcy Court and appeals the Bankruptcy Court's discharge of a Chapter 7 debtor. The Court dismisses the alleged Chapter 7 creditor's appeal for lack of jurisdiction because he has failed to meet his burden of establishing appellate standing.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On March 15, 2021, Nahabet Cimenian filed for Chapter 13 Bankruptcy in the Bankruptcy Court in the District of Maine. *In re Nahabet Cimenian*, Chapter 13 No. 21-bk-20053 (Bankr. D. Me.). Richard Gannett filed a notice of claim wherein he declared that he was a creditor of Mr. Cimenian due to a judicial lien. *See In re Nahabet Cimenian*, Chapter 13 No. 21-bk-20053 (Bankr. D. Me.), *Claims Register*, Attach. 13-1. Mr. Cimenian would later convert this Chapter 13 into a Chapter 7 bankruptcy. *In re Nahabet Cimenian*, Chapter 13 No. 21-bk-20053

(Bankr. D. Me.), *Notice of Voluntary Conversion from Chapter 13 to Chapter* 7 (ECF No. 64).

After the sale of estate property by the designated trustee, Mr. Gannett filed an appeal to the Bankruptcy Appellate Panel (BAP), which the BAP dismissed for lack of jurisdiction. *Gannett v. Piampiano*, No. 21-034 (B.A.P. 1st Cir. Mar. 4, 2022), *J. of Dismissal*. Mr. Gannett appealed that dismissal to the Court of Appeals for the First Circuit, and the First Circuit similarly dismissed because Mr. Gannett had not met his burden of establishing that the court had appellate jurisdiction. *Gannett v. Piampiano*, No. 22-9004 (1st Cir. 2022), *J.*

As Mr. Cimenian's bankruptcy petition continued, Mr. Gannett instituted adversary proceedings against him in the Bankruptcy Court on September 7, 2021. *Gannett v. Cimenian*, No. 21-ap-02008 (Bankr. D. Me.), *Compl.* (ECF No. 1). The Bankruptcy Court ultimately found for Mr. Cimenian on all counts set forth in the amended complaint. *Gannett v. Cimenian*, No. 21-ap-02008 (Bankr. D. Me.), *Minute Entry* (ECF No. 77). Mr. Gannett appealed the adversary proceeding judgment, this time electing to be heard by this Court, the United States District Court for the District of Maine. *Gannett v. Cimenian*, No. 2:22-cv-00395-JAW (D. Me.), *Bankruptcy Appeal* (ECF No. 1).

## A.   Bankruptcy Court Proceedings

### 1.   Nahabet Cimenian's Bankruptcy Petition

On March 15, 2021, Mr. Cimenian filed for Chapter 13 Bankruptcy. *In re Nahabet Cimenian*, Chapter 13 No. 21-bk-20053 (Bankr. D. Me.), *Chapter 13*

2

*Voluntary Pet. Individual* (ECF No. 1).[1]   Four days later, on March 19, 2021, Richard W. Gannett requested notice of all matters pursuant to Bankruptcy Rule 2002. *Creditor Request for Notices* (ECF No. 12).  On March 22, 2021, Mr. Gannett filed an emergency motion to continue a hearing scheduled for two days later. *Emergency Mot. to Continue Hr'g* (ECF No. 18).  After a request for an emergency hearing, *Mot. for Emergency Hr'g* (ECF No. 21), the Bankruptcy Court heard Mr. Gannett's argument for why the hearing should be continued, *Order Granting Mot.* (ECF No. 35), and denied his request.  *Am. Minute Entry* (ECF No. 31).  Mr. Gannett then filed a motion for leave of court to conduct Bankruptcy Rule 2004 Examinations, *Mot. for 2004 Examination* (ECF No. 48), which the Bankruptcy Court denied.  *Minute Entry* (ECF No. 54).

On May 26, 2021, the Bankruptcy Court received Mr. Cimenian's request to convert his Chapter 13 case into one under Chapter 7, *Notice of Voluntary Conversion from Chapter 13 to Chapter 7* (ECF No. 64), and granted it the following day.  *Order Upon Conversion of Case to Chapter 7* (ECF No. 65).

On August 4, 2021, Mr. Gannett once again moved for leave to conduct Bankruptcy Rule 2004 examinations.  *Mot. for 2004 Examination* (ECF No. 71).  On August 9, 2021, Mr. Gannett filed a motion to dismiss Mr. Cimenian's Chapter 7 Petition.  *Mot. to Dismiss Case* (ECF No. 78).  On August 31, 2021, the Bankruptcy Court denied Mr. Gannett's renewed request for Rule 2004 examinations.  *Min. Entry* (ECF No. 94).

---

[1]        Unless otherwise indicated, all citations in this section are from the docket in *In re Nahabet Cimenian*, Chapter 13 No. 21-bk-20053 (Bankr. D. Me.).

On September 7, 2021, Mr. Gannett filed an adversary complaint against Mr. Cimenian.  *Adversary Case No. 21-02008, Complaint* (ECF No. 100).[2]

## 2.  **Richard Gannett's Adversary Proceeding Against Nahabet Cimenian**

As Mr. Cimenian's bankruptcy petition continued, Mr. Gannett instituted adversary proceedings against Mr. Cimenian in the Bankruptcy Court on

---

[2]      The Court focuses on what occurred in Adversary Case No. 21-02008 above the line as those are the proceedings that led to this appeal. The Court notes that the proceedings in No. 21-20053 (Bankr. D. Me.) continued as follows:

On September 14, 2021, the Bankruptcy Court denied Mr. Gannett's motion to dismiss. *Minute Entry* (ECF No. 102).

On November 12, 2021, pursuant to 11 U.S.C. § 363(b), Trustee Jeffrey T. Piampiano moved the Bankruptcy Court to sell property free and clear of any interests under 11 U.S.C. § 363(f). *Trustee's Mot. for Sale of Property under Sec. 363b, Rule 6004* (ECF No. 108).  Mr. Cimenian and Mr. Gannett objected.  *Resp.* (ECF No. 117); *Opp'n Resp.* (ECF No. 119).  On December 8, 2021, the Bankruptcy Court granted the Trustee's motion to sell.  *Order Granting Trustee's Mot. for Authority to Sell Certain Personal Property Free and Clear of Any Interest Under 11 U.S.C. § 363(f)* (ECF No. 130).

On December 21, 2021, Mr. Gannett filed a notice of appeal and a motion for relief from stay. *Notice of Appeal and Statement of Election* (ECF No. 135); *Mot. for Relief from Stay* (ECF No. 136). Origen Washington, LLC intervened and filed an objection to Mr. Gannett being relieved from the stay.  *Mot. to Intervene* (ECF No. 148); *Obj.* (ECF No. 149).  Mr. Cimenian and Trustee Piampiano similarly filed objections.  *Debtor's Obj.* (ECF No. 154); *Trustee's Obj.* (ECF No. 155).  On February 8, 2022, the Bankruptcy Court denied Mr. Gannett's motion for relief from stay.  *Order Denying Mot. for Relief from Stay* (ECF No. 165).

On March 4, 2022, the Bankruptcy Appellate Panel dismissed Mr. Gannett's appeal for lack of jurisdiction.  *BAP Final Order on Appeal, J. of Dismissal* (ECF No. 170).  On November 2, 2022, the Court of Appeals for the First Circuit also dismissed Mr. Gannett's appeal for lack of jurisdiction. *First Circuit Court of Appeals J. Dismissing Appeal, and Mandate* (ECF No. 180).

On November 30, 2022, the United States Bankruptcy Court issued a final judgment in favor the Debtor/Defendant, Mr. Cimenian, in the Chapter 7 action, thereby discharging his debt toward Mr. Gannett due to bankruptcy.

On December 5, 2022, Mr. Cimenian filed a motion to avoid a lien on his property.  *Debtor's Am. Mot. to Avoid Lien* (ECF No. 196).  Mr. Gannett opposed this motion.  *Opp'n* (ECF No. 203).  Mr. Cimenian replied.  *Debtor's Reply* (ECF No. 204).  On January 4, 2023, the Bankruptcy Court granted the motion to avoid liens on Mr. Cimenian's property.  *Order Granting Am. Mot. to Avoid Liens as Impairing Homestead Exemption* (ECF No. 207).

On February 6, 2023, Mr. Gannett filed an appeal to the District Court.  *Notice of Appeal and Statement of Election of District Ct.* (ECF No. 209); *Notice of Docketing Record on Appeal to District Ct., Case Number: 23-cv-00056-JAW* (ECF No. 212).  On August 2, 2023, Mr. Gannett moved to withdraw the appeal, *Gannett v. Cimenian*, 2:23-cv-00056-JAW (D. Me. 2023), *Mot. to Withdraw Notice of Appeal* (ECF No. 14), which the Court granted on August 4, 2023.  *J. of Dismissal* (ECF No. 16).

Ultimately, on October 24, 2023, the Bankruptcy Court entered a final decree on the matter. *Order Approving Final Report & Account After Distribution, Discharging Trustee, and Final Decree* (ECF No. 227).

September 7, 2021. *Gannett v. Cimenian*, No. 21-ap-02008 (Bankr. D. Me.), *Compl.* (ECF No. 1).[3] In his complaint, Mr. Gannett brought five counts pursuant to 11 U.S.C. §§ 727(a) and 523(a), objecting to Mr. Cimenian being discharged and asking the Bankruptcy Court to determine dischargability. *Id.* at 1-3, 16-17. On January 11, 2022, Mr. Gannett amended his complaint, adding supplemental counts, amounting to nine total counts pursuant to 11 U.S.C. § 727(a), 11 U.S.C. § 523(a), and Federal Rule of Civil Procedure 57. *Am. Compl.* at 1-19 (ECF No. 22). On February 4, 2022, Mr. Cimenian answered. *Debtor's Answer* (ECF No. 23).

On November 1, 2022, Mr. Gannett moved for summary judgment. *Mot. for Summ. J.* (ECF No. 46). Mr. Cimenian opposed. *Response* (ECF No. 48). After a hearing, the Bankruptcy Court denied Mr. Gannett's motion for summary judgment. *Minute Entry* (ECF No. 56). Both parties filed their witness and exhibit lists with proposed stipulations. *Witness and Ex. List with Debtor's Proposed Stipulations* (ECF No. 60); *Plaintiff's Witness and Ex. List and Proposed Stipulations* (ECF No. 62).

On November 28, 2022, the day before a hearing on the merits of Mr. Gannett's complaint, he submitted five motions in limine, (ECF Nos. 63-67), which Mr. Cimenian objected to the same day. *Debtor's Obj.* (ECF No. 73). The following day, November 29, 2022, the Bankruptcy Court held the hearing, denied without prejudice all of Mr. Gannett's motions in limine, and found for Mr. Cimenian on all counts set forth in the amended complaint. *Minute Entry* (ECF No. 77).

---

[3] Unless otherwise noted, all citations in this section are from the docket in *Gannett v. Cimenian*, No. 21-ap-02008 (Bankr. D. Me).

Specifically, the Bankruptcy Court found that Mr. Gannett had not met his burden on any of the alleged causes of action. *Tr.* at 124-28 (ECF No. 96).

On December 12, 2022, Mr. Gannett filed a notice of appeal and statement of election to district court. *Notice of Appeal and Statement of Election to District Ct.* (ECF No. 81).

## B.   Richard Gannett's Appeal of the Bankruptcy Court's Adversary Proceeding Judgment

On December 12, 2022, the Court received Mr. Gannett's Bankruptcy Appeal to case number 21-02008. *Gannett v. Cimenian*, 2:22-cv-00395-JAW (D. Me.), *Bankruptcy Appeal* (ECF No. 1).[4]   On December 28, 2022, Mr. Gannett was required, pursuant to Federal Rule of Bankruptcy Procedure 8001(a), to show cause for his failure to designate a record on appeal. *Order to Show Cause* (ECF No. 3). On January 9, 2023, Mr. Gannett designated a record for his appeal, *Appellant Designation of Contents* (ECF No. 4), and showed cause on January 12, 2023. *Resp.* (ECF No. 5); *Order Deeming Order to Show Cause Satisfied* (ECF No. 8).   Mr. Cimenian objected to the record designation on January 23, 2023.   *Obj. to Designation* (ECF No. 7).

On February 24, 2023, Mr. Gannett moved to consolidate his appeal in this case, 2:22-cv-00395-JAW, and his appeal in 2:23-cv-00056-JAW. *Mot. to Consolidate Cases* (ECF No. 11).  After a response by Mr. Cimenian, and a reply by Mr. Gannett, the Court denied Mr. Gannett's motion to consolidate the cases.  *Resp.* (ECF No.

---

[4]      Unless otherwise noted, all citations in this section are to the docket in *Gannett v. Cimenian*, 2:22-cv-00395-JAW (D. Me.).

12); *Reply* (ECF No. 13); *Order on Mot. to Consolidate and Enlarge Time* (ECF No. 14).

On August 1, 2023, Mr. Gannet filed his appellant brief.  *Appellant(s) Br.* (ECF No. 20) (*Appellant's Br.*).  On August 31, 2023, Mr. Cimenian filed his brief in response.[5]  *Appellee(s) Br.* (ECF No. 21) (*Appellee's Br.*).  On September 13, 2023, Mr. Gannett replied.[6]  *Appellant(s) Reply Br.* (ECF No. 25) (*Appellant's Reply*).

On February 9, 2024, this Court remanded the appeal to the Bankruptcy Court to adjudicate Mr. Cimenian's objection to Mr. Gannett's designation of the record on appeal.  *Order of Remand* (ECF No. 29).  On February 14, 2024, the Bankruptcy Court issued an order on remand, clarifying which documents were properly included in the Record on Appeal.  *Suppl. Transmittal of R. on Appeal*, Attach. 1, *Order on Remand on Scope of App. R.* (ECF No. 30) (*Order on Remand*).  On February 15, 2024, the Bankruptcy Court submitted a supplemental transmittal of the record on appeal.  *Suppl. Transmittal of R. on Appeal* (ECF No. 30) (*Suppl. R.*).

---

[5]     On September 1, 2023, Richard W. Gannett filed a Status Report (ECF No. 22), which explains why he was late in filing a complete trial transcript.  The Court accepts Mr. Gannett's explanation and the updated trial transcript.

[6]     On November 7, 2023, Mr. Gannett filed what he termed Appellant's Second Status Report (ECF No. 26).  This filing contains a mixture of assertions of fact not found in the record under Federal Rule of Bankruptcy Procedure 8009(a)(4) and arguments of law not allowed under Federal Rule of Bankruptcy Procedure 8018(a)(1-3).  The Court STRIKES Appellant's Second Status Report (ECF No. 25) as unauthorized.

## II.    THE PARTIES' POSITIONS

### A.    Richard Gannett's Appeal

Mr. Gannett argues that the Bankruptcy Court made multiple errors of law and fact.  *Appellant's Br.* at 1-13.  To remedy these errors, he asks the Court to "address and adjudicate the *MOAC* issue," "enter an Order reversing the discharge granted to Nahabet Cimenian," and "enter a new Order denying [Mr. Cimenian's] discharge."  *Id.* at 13.

Mr. Gannett first takes issue with the Bankruptcy Court overruling and denying his objection to the 11 U.S.C. § 363 sale.  He argues that despite prior rulings by the Bankruptcy Appellate Panel for the First Circuit and the United States Court of Appeals for the First Circuit that held his appeal was moot, "the propriety of the 11 U.S.C. sec. 363 sale at issue is subject to further review in light of the very recent ruling of *MOAC Mall Holdings LLC v. Transform Holdco LLC* No. 21-1270 2023 WL 2992693 (U.S. April 19, 2023)."  *Appellant's Br.* at 1.  Mr. Gannett avers that "[t]he merits of Appellant's appeal were not reached by either the [Bankruptcy Appellate Panel] or the First Circuit" and that had "*MOAC* been decided before the BAP or the First Circuit ruled, the merits would have been reached."  *Id.* at 2.  Specifically, Mr. Gannett says that "the heart of the [*MOAC*] ruling is that either a District Court or [] a Bankruptcy Appellate Panel can now entertain appeals of  11 U.S.C. sec. 363 sale orders.  After *MOAC* they are no longer deemed 'moot.'"  *Id.*  Therefore, Mr. Gannett contends, the "gravamen of the BAP's Order denying Appellant's appeal is now subject to reconsideration and reversal"

given that "*MOAC* is evidence the BAP and First Circuit incorrectly decided Appellant's appeal of the sale order." *Id.*  Mr. Gannett argues the decision in the underlying proceedings "could be revisited by this Honorable Court or the matter herein could be stayed pending an application to the First Circuit to reconsider its denial of Appellant's appeal given the April 2023 *MOAC* holding and the entire change in the landscape of challenges to 11 U.S.C. sec. 363 sales." *Id.* at 6.

Mr. Gannett then turns to the merits of his 11 U.S.C. § 363 argument and alleges the Bankruptcy Court committed legal error by allowing the sale of the business inventory of Ararat Jewelers, Ltd. despite Mr. Gannett being "entitled to an equitable lien on the inventory" given his "Suffolk County Superior Court victory on his money judgment and preliminary injunction." *Id.* at 5.  To buttress this position, he contends that "[i]n the District of Maine 'disincorporation' is viewed with skepticism." *Id.* at 4 (citing *In re Nathan Reardon*, Chapter 13 No. 21-10097 (Bankr. D. Me. June 30, 2021)).  Mr. Gannett also cites *Pearlman v. Reliance Insurance Co.*, 371 U.S. 132 (1962), for the proposition that "[t]he Bankruptcy Act simply does not authorize a Trustee to distribute other people's property among a bankrupt's creditors." *Id.* at 6 (quoting *Pearlman*, 371 U.S. at 135-36).  Mr. Gannett contends "*Pearlman* has not been followed by the Bankruptcy Court below . . . a legal issue which the Honorable Court can address herein and ameliorate." *Id.* at 7.

In the alternative, Mr. Gannett argues that there are "several additional legal bases to warrant a reversal of the ruling below and militate a ruling in favor of Appellant without necessity of remand." *Id.* at 7.

The first, Mr. Gannett contends, is that Mr. Cimenian "did not include all assets in his Chapter 7 Petition." *Id.* Specifically, Mr. Gannett alleges Mr. Cimenian "did not disclose his ownership in an entity termed the 'The Jewelers Jeweler LLC,'" *id.* at 7, "in certain previous jewelry stones acquired by a $200,000.00 loan from John Grogan," *id.* at 9, and "in two new 2021 Toyota Venza automobiles acquired only days before March 15, 2021, the commencement day of Chapter 13." *Id.* at 11. Further, Mr. Gannett says that since Mr. Cimenian "state[d] he earned a $300,000 salary just days before entering Chapter 13," it is therefore "safe to conclude these precious stones remain with Appellee today and are owned by him. Clearly, they should have been disclosed and scheduled [yet t]hey were not." *Id.* at 12. By Mr. Gannett's estimation, "[t]his supports an Order overturning the judgment entered by the United States Bankruptcy Court for the District of Maine granting a discharge." *Id.* (citing *Vara v. McDonald (In re McDonald)*, 29 F.4th 817 (6th Cir. 2022)).

Finally, Mr. Gannett argues that the "Bankruptcy Court erred where Appellant sought to continue the trial due to a fact witness with relevant admissible testimony and documents refus[ing] to comply with a document request." *Id.* at 13. Specifically, Mr. Gannett advised the Bankruptcy Court that Lupo LLC, the seller of the Toyota Venzas, never responded to a subpoena for records, and therefore Mr. Gannett "sought to adjourn the trial until compliance." *Id.* Mr. Gannett contends the denial of this request equates to prejudicial error. *Id.*

10

### B.    Nahabet Cimenian's Response

Mr. Cimenian begins by outlining what issues he believes are on appeal: 1) whether the Bankruptcy Court "erred in concluding that [he] did not knowingly and fraudulently make false oath or account in connection with the case" and 2) whether the Bankruptcy Court "erred in concluding that [he:] did not incur a debt for money, property, services," did not incur a debt for "the extension of credit obtained by false pretenses, false representations, or actual fraud," and did not incur a debt for "actual fraud, other than a statement respecting the Debtor's financial condition." *Id.* at 5.  Mr. Cimenian argues that Mr. Gannett's "Statement of Issues on Appeal and legal briefing of those issues to the extent they were raised at trial, comprises the universe of the appeal." *Id.* at 11.

Accordingly, Mr. Cimenian delineates the issues he believes are not on appeal.  First, whether the Bankruptcy Court "erred in approving the Trustee's sale of assets, as this matter is res judicata, decided by the US Bankruptcy Court and affirmed by decisions of the First Circuit Bankruptcy Appellate Panel and the First Circuit Court of Appeals." *Id.*  Second, whether the Bankruptcy Court "erred in Denying Plaintiff's Motion to extend the discovery deadline as that issue is res judicata, the motion having been denied on September 30, 2022 at Docket Number 42, with no timely appeal filed." *Id.*  Third, whether the Bankruptcy Court "erred in determining Debtor did not violate 11 U.S.C. Sections 727(a)(2)(A), 727(a)(2)(B), or 727(a)(5), as those sections are not referenced in either Plaintiff's notice of issues on appeal or his brief." *Id.*  Fourth, Mr. Cimenian says that "[e]ven had the jewelry

11

stones been raised at trial, there is no insinuation they were removed within one year before Debtor's case was filed."

Mr. Cimenian says the "universe of the actual appeal," *id.* at 9, is "based on effectively three factual issues": 1) "Debtor's ownership of one business and alleged ownership of his wife's business"; 2) "Debtor's failure to list co-ownership in two fully encumbered vehicles for which he listed the creditor upon filing March 15, but not his interest in titles issued April 12, 2021"; and 3) "Debtor's application for financing of the vehicles." *Id.* at 8.

Beginning with The Jeweler's Jeweler, LLC, Mr. Cimenian argues that "no bankruptcy debtor is required to list spouse's business interests and the failure to list it is certainly not a 'knowing and fraudulent' false oath." *Id.* at 12 (citing 11 U.S.C. § 727(a)(4)(A)). Instead, he argues, "it is well settled that a nondebtor's spouse's assets are not brought into the bankruptcy estate merely by virtue of the marriage." *Id.* at 11 (citing *In re Perry*, 331 B.R. 763 (Bankr. D. Mass. 1991)). Mr. Cimenian adds on that "Maine is not a community property state." *Id.* Next, Mr. Cimenian takes issue with the statute that Mr. Gannett cites, 19-A M.R.S. § 953, saying "Plaintiff cites a statute that holds some property will be treated as marital property in the limited context of a divorce proceeding [but b]ankruptcy is not a divorce proceeding and in any event, [Mr. Cimenian] is not divorcing." *Id.* Moreover, Mr. Cimenian says that "the statute does not dictate that even in the limited context of a divorce, such property will be deemed owned equally." *Id.* at 12.

Turning to the jewelry stones, Mr. Cimenian argues that "the record is completely void of any argument, insinuation or reference to stones the Debtor apparently acquired in 2006." *Id.* Because the issue was not raised, Mr. Cimenian continues, "there was no line of questioning whether the Debtor transferred or removed or permitted to be transferred or removed the stones within one year before the case was filed." *Id.* Regardless, Mr. Cimenian contends "[a]n appellate brief is hardly the place to raise an entirely new allegation." *Id.*

With respect to the two 2021 Toyota Venzas, Mr. Cimenian argues that he listed Toyota Motor Credit as a creditor, unsecured as to him because as he testified at trial, he intended to co-sign or guarantee the loans on his children's cars, not to buy them. *Id.* Twenty-eight days after the case was filed, Mr. Cimenian's name appeared as joint owner of those titles and "in the fullness of time, [he] amended his schedules to list Toyota Motor Credit as secured by his half interest in the vehicles." *Id.* Ultimately, Mr. Cimenian argues the Bankruptcy Court appropriately concluded "these facts did not amount to a knowing and fraudulent false oath." *Id.* at 13.

As far as Mr. Cimenian's application stating that he earned a $300,000 salary, Mr. Cimenian argues his "declaration is not properly included in the record for appeal and the application cannot be considered by the Court now." *Id.* at 14. Mr. Cimenian also argues "[t]here is no misrepresentation, except [Mr. Gannett]'s intentional representations that the application and the bankruptcy schedules actually requested 'salary.'" *Id.* Instead, the application, just like the Debtor's

13

schedules, request gross income, not salary and Mr. Cimenian answered $300,000 to both. *Id.* Moreover, Mr. Cimenian argues that the mortgage application from 2006 merely demonstrates that his business that acquired $200,000 in stones had $500,000 in assets then; "*Fifteen years* later, it did not." *Id.* (emphasis in original). Regardless, Mr. Cimenian contends the 2006 application "cannot be considered by this Court" because it "was not included in [Mr. Gannett's] designation for record on appeal, not proffered (upon information and belief) and certainly not admitted at trial." *Id.*

Next, Mr. Cimenian takes issue with Mr. Gannett's references to disincorporation as Mr. Cimenian does not believe it is a basis to object to his discharge. *Id.* at 14-15. Mr. Cimenian says the "Bankruptcy Court considered this, explained its reasoning explicitly . . . and properly disregarded the issue." *Id.* at 15. Further, Mr. Cimenian argues that "[e]ven if the disincorporation had not occurred, the Chapter 7 Trustee would have liquidated the business as property of the estate instead of its assets. Thus, Plaintiff is in no worse position as a result of the disincorporation. In the absence of any harm to creditors or the bankruptcy estate, there is no cause of action to object to discharge." *Id.*

Mr. Cimenian concludes by offering that Mr. Gannett's "appeal is frivolous," and that Mr. Gannett's briefing "rais[ed] a host of new issues, supported by 'exhibits' that are not on the record for appeal." *Id.* Mr. Cimenian posits the Court "must not consider the exhibits Plaintiff wishes he either had introduced or had successfully argued for their admission. This is a review of whether the Bankruptcy

Court made clearly erroneous factual conclusions or misapplied the law." *Id.* at 15-16.

### C.  Richard Gannett's Reply

Mr. Gannett argues that Mr. Cimenian is "seeking to 'recast the past' concerning the two new Toyota Venzas that [Mr. Cimenian] acquired on March 13, 2021." *Appellant's Reply* at 2.  Specifically, Mr. Gannett says that Mr. Cimenian was not a co-signer on the vehicles, but instead "bought the two Venzas in his own name along with his two adult children." *Id.*  Mr. Cimenian points to Exhibit N, which he characterizes as "a State of Maine government office Title, admissible in evidence, that Appellee owned the Venza on March 13, 2021," "two days before March 15, 2021, the date of the opening Chapter 13 petition." *Id.*  Mr. Gannett contends "the registration date, April 12, 2021, urged by Appellee to exculpate himself, is superfluous since the Chapter 13 Petition obligated Appellee to disclose all of his assets which he failed to do." *Id.*

Next, Mr. Gannett contends "Appellee does not respond to [his] practical suggestion to place this matter in abeyance while this Honorable Court adjudicates the very real issue of the 9-0 reversal of the Second Circuit in *MOAC*." *Id.* at 3. Addressing the *MOAC* holding, to Mr. Gannett, "would be a more just solution to this appeal." *Id.*  "In the alternative, [Mr. Gannett] suggests that entering a stay herein, while [he] applies to the First Circuit (where [his] prior appeal was not considered due to the then current state of the law) is a viable alternative." *Id.*

Last, Mr. Gannett repeats some of his arguments, reiterates his relief sought, and indicates that "[t]o the extent this Honorable Court can implement *MOAC*, on its own, [he] would prefer that [as it] entails less cost and effort for the parties." *Id.* at 3-4.

## III.   STANDARD OF REVIEW

Rule 8013 of the Federal Rules of Bankruptcy Procedure governs a District Court's review of a Bankruptcy Court order. *Hull v. Rockwell*, 610 B.R. 1, 8 (D. Me. 2019), *aff'd sub nom. In re Rockwell*, 968 F.3d 12 (1st Cir. 2020).  Rule 8013 provides that a District Court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANKR. P. 8013.

When a party, as here, *see Bankruptcy Appeal* at 2, chooses to appeal a bankruptcy court decision to the district court pursuant to 28 U.S.C. § 158(a), "the district court reviews the bankruptcy court's conclusions of law *de novo*." *Braemer v. Lowey*, No. 08-cv-349-P-S, 2009 U.S. Dist. LEXIS 11426, at *1 (D. Me. Feb. 24, 2009) (italics in original) (citing *Davis v. Cox*, 356 F.3d 76, 82 (1st Cir. 2004); and *In re Watman*, 301 F.3d 3, 7 (1st Cir. 2002)).  "In accordance with Federal Rule of Bankruptcy Procedure 8013, the Bankruptcy Court's findings of fact will not be set aside 'unless clearly erroneous.'" *Id.* at *2-3 (quoting FED. R. BANKR. P. 8013).  Put simply, the conclusion of the bankruptcy court will not be overturned unless the reviewing court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Armorflite Precision, Inc.*, 48 B.R. 994,

16

998 (D. Me. 1985) (quoting *D. Federico Co., Inc. v. New Bedford Redevelopment Auth.*, 723 F.2d 122, 126 (1st Cir.1983)).

## IV.   DISCUSSION

### A.   Appellate Record

Mr. Cimenian objected to the appellate record Mr. Gannett attempted to designate before the Court.  *See Obj. to Designation* (ECF No. 7); *Appellant Designation of Contents* (ECF No. 4).  In his objection, Mr. Cimenian "notes that Plaintiff sought to introduce 11 Exhibits at trial, several of which were disallowed. He now seeks to introduce 18 Exhibits on Appeal, including some that were disallowed at trial.  Accordingly, there may exist a difference as to whether the proposed record accurately discloses what occurred in the bankruptcy court, pursuant to Bankruptcy Rule 8009(e)." *Obj. to Designation* at 1.

As Mr. Gannett's designation of items to be included on appeal (ECF No. 4) did not seem to align with his attachments to his appellate brief (ECF No. 20) or his suggested exhibits in the adversary proceedings, *Gannett v. Cimenian*, 21-ap-02008 (Bankr. D. Me.), *Pl.'s Witness and Ex. List* (ECF No. 62), and Mr. Cimenian disagreed that Mr. Gannett's designation of items accurately disclosed the proceedings and documents before the Bankruptcy Court, the Court submitted this dispute to the Bankruptcy Court to settle the controversy and conform the record. *See Order of Remand*; FED. R. BANKR. P. 8009(e)(1).

On February 15, the Bankruptcy Court clarified the scope of the appellate record, including the bases for designation of each document.  *See Gannett v.*

*Cimenian*, 21-ap-02008 (Bankr. D. Me.), *Order on Remand* (ECF No. 103).   It indicated that "all the documents designated by Mr. Gannett, except for Items E and R, are included in the record on appeal." *Id.* at 2.   The Bankruptcy Court further noted that it "stated on two separate occasions during the evidentiary hearing that it would take judicial notice of any documents filed in either the underlying bankruptcy case or the adversary proceeding." *Id.*

The Court, therefore, takes into account Items A through D and F through Q of Mr. Gannett's designated appellate record, along with any documents filed in the underlying bankruptcy case and adversary proceeding.

## B.   Jurisdiction

Before addressing the merits of an appeal, the Court must determine whether it has jurisdiction, even if the issue is not raised by the litigants.[7] *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001) ("[T]he bankruptcy or district courts must make the required 'person aggrieved' determination in the first instance.   But where, as here, the lower court has not undertaken the required 'standing' inquiry, we must do so, *ab initio*"); *see also In re Dein Host, Inc.*, 835 F.2d 402, 404 (1st Cir. 1987) ("[W]e are duty bound first to undertake a preliminary inquiry as to appellant's standing to prosecute this appeal.   As has long been recognized, federal courts must satisfy themselves as to a party's standing, whether or not such an issue has been raised by any of the litigants").

The party invoking federal jurisdiction bears the burden of establishing standing. *Spenlinhauer,* 261 F.3d at 118 (1st Cir. 2001) ("As in other jurisdictional

---

[7]      In the adversary proceedings below, standing was contested by Mr. Cimenian.

contexts, of course, the party asserting appellate jurisdiction . . . bears the burden"); *In re Alfaro (Alfaro v. Vazquez)*, 221 B.R. 927, 931-32 (B.A.P. 1st Cir. 1998). If the party "lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case." *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992) (internal citations omitted).

To have standing to bring an appeal from a final bankruptcy order, an appellant must be a "person aggrieved," or in other words, the challenged order must "directly and adversely affect[] an appellant's pecuniary interests." *Spenlinhauer*, 261 F.3d at 117-18. To have standing Mr. Gannett must prove that the Bankruptcy Court's discharge of Mr. Cimenian "diminishes his property, increases his burdens, or impairs his rights." *In re El San Juan Hotel*, 809 F.2d 151, 154 (1st Cir. 1987).

"This rule of appellate standing is necessary to insure that bankruptcy proceedings are not unreasonably delayed by protracted litigation that does not serve the interests of either the bankrupt's estate or its creditors." *Id.* "[P]rovided the appellate record discloses the requisite facts, we may address the matter without remanding." *Spenlinnauer*, 261 F.3d at 118.

Preliminarily, the Court notes that multiple courts have questioned, if not outright found lacking, Mr. Gannett's interests in the Cimenian-related bankruptcy proceedings. First, during the discharge hearing in the adversary proceeding below, the Bankruptcy Court said "I think there's a very, very, very, very, very good likelihood that you are not a creditor in this bankruptcy, Mr. Gannett." *Gannett v.*

*Cimenian*, 21-ap-02008 (Bankr. D. Me.), *Tr. Regarding Hr'g* (ECF No. 96) at 124. Second, the Bankruptcy Appellate Panel, hearing an appeal in the underlying bankruptcy case, No. 21-20053-PGC, dismissed Mr. Gannett's appeal for lack of jurisdiction because he was without appellate standing after "he offered nothing" to suggest the challenged order "adversely affected his pecuniary interests." *Gannett v. Piampiano*, No. 21-034 (B.A.P. 1st Cir Mar. 4, 2022), *J. of Dismissal* at 7 (No. 1145002). In its order to show cause, the Bankruptcy Appellate Panel stated, "his connection to this bankruptcy case—and more particularly, the basis for his interest in the personal property—is unclear." *Gannett v. Piampiano*, No. 21-034 (B.A.P. 1st Cir Mar. 4, 2022), *Order to Show Cause* at 5 (No. 1144772). They went on to say, "[a]lthough [Mr. Gannett] identifies himself as a creditor in his notice of appeal and in his submissions to the Panel, he does not appear on the claims register. Moreover, his creditor status is not referenced or explained [in motions underlying the appeal] . . . It appears that Gannett may be a stranger to the personal property and the bankruptcy estate." *Id.* at 5-6. Third, Mr. Gannett appealed this finding, but the Court of Appeals for the First Circuit also concluded that he had "not met his burden to show that this court has appellate jurisdiction." *Gannett v. Piampiano*, No. 22-9004 (1st Cir. 2022), *J.* (No. 117929918).

Mr. Gannett's claimed interest in Mr. Cimenian's estate is that Gallatin River Valley, LLC received a judgment lien against Mr. Cimenian. *See In re Nahabet Cimenian*, Chapter 13 No. 21-bk-20053 (Bankr. D. Me.), *Claims Register*, Attach. 13-1. Mr. Gannett has provided evidence the Massachusetts Superior Court

entered a preliminary injunction, *Gannett v. Cimenian*, No. 22-cv-395-JAW (D. Me.), *Appellant's Brief* (ECF No. 20), Attach. 9, and a judgment by default for Gallatin River Valley LLC and against Mr. Cimenian. *Id.*, Attach. 2 at 75. At maximum, this judgment lien would give Gallatin River Valley, not Mr. Gannett, a pecuniary interest.

To remedy this, Mr. Gannett attaches a notarized document through which Gallatin River Valley assigns him all of its interest in the judgment and any execution thereon. *Id.* at 151-52. It is a long-standing principle that a judgment and execution may be assigned, so as to vest an equitable interest in the assignee. *See Rhodes v. Farmer*, 58 U.S. 464 (1854); *Dunn v. Snell*, 15 Mass. 481 (1819); *The Cadle Co. v. Lyons*, 2017 Mass. App. Div. 56 (Dist. Ct. 2017), *aff'd sub nom. Cadle Co. v. Lyons*, 93 Mass. App. Ct. 1101 (2018) ("When a judgment is assigned in total, the assignee becomes the only real party in interest. An assignee under a written assignment may bring an action in its own name or in the name of the assignor" (internal citations omitted)). Collectively, then, these documents support finding that Mr. Gannett, as an assignee, has a pecuniary interest at issue.

However, there is contradictory evidence that demonstrates Mr. Gannett does not have a pecuniary interest. In the core bankruptcy proceeding, Origen Washington, LLC submitted a memorandum in support of its motion for relief from stay. *In re: Nahabet Cimenian*, Chapter 7 No. 21-20053-PGC (Bankr. D. Me.), *Memorandum Filed by Origen Washington, LLC* (ECF No. 90). Therein, Origen points out that:

> Mr. Gannett fails to inform the Court that on May 3, 2021, the *State court vacated the preliminary injunction* order relied upon by Mr. Gannett in his Objection. Also on May 3, 2021, the State court held that the claims filed by Mr. Gannett and/or his former client Gallatin River Valley, LLC against Origen and Webster Bank were to be dismissed. The State court denied Mr. Gannett's motion to file a third amended complaint as "futile and frivolous." As the State court found: "There are no legal theories upon which to permit any aspects of [Mr. Gannett's] case to go forward." On May 25, 2021, *the State Court entered its Judgment of Dismissal*."

*Id.* at 4 (emphasis supplied) (internal footnotes omitted). To support this assertion, Origen Washington attached the transcript of a hearing before the Massachusetts Superior Court. *Id.*, Attach. 2. Therein, the presiding judge vacated the preliminary injunction that underpins Mr. Gannett's claim to having a pecuniary interest against Mr. Cimenian. *Id.*, Attach. 2 at 12 ("I am going to allow without opposition the motion to *vacate the preliminary injunction. It is hereby vacated*" (emphasis supplied)). Origen Washington also submitted the May 27, 2021 judgment of dismissal of the Superior Court case. *See id.*, Attach. 3.

In other words, Mr. Gannett's pecuniary interest is contingent on a June 2020 Superior Court preliminary injunction in favor of Gallatin River LLC, which led to a judgment lien for Gallatin River LLC, which was ultimately assigned to him. However, the foundation underpinning this pecuniary interest house of cards—the preliminary injunction—was vacated, thereby collapsing whatever pecuniary interest Mr. Gannett might have had in Mr. Cimenian being discharged.

Finding no evidence in the record that Mr. Cimenian's discharge "diminishes [Mr. Gannett's] property, increases his burdens, or impairs his rights," the Court concludes Mr. Gannett is not a person aggrieved. *In re El San Juan Hotel*, 809 F.2d

151, 154 (1st Cir. 1987).  As such, he has no standing to bring this appeal to the Bankruptcy Court's order of discharge.  In turn, "the court lacks jurisdiction to decide the merits of the underlying case." *United States v. AVX Corp.*, 962 F.2d 108, 113 (1st Cir. 1992) (internal citations omitted).

Accordingly, the Court dismisses Mr. Gannett's appeal because it has no jurisdiction to hear it.

## V.   CONCLUSION

The Court DISMISSES Richard Gannett's Bankruptcy Appeal (ECF No. 1) for lack of jurisdiction.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 21st day of February, 2024.